IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTON HARRIS, GEOFFREY MILLER, NORMAN MOUNT, SCOTT ZINN, THOMAS TAYLOR, and JOHN BAKER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | 8:16CV381<br><br>**ORDER** |

This matter is before the Court on Defendant's Motion for Protective Order (Filing No. 214) and Motion to Exclude Report of Dr. Jay Neitz (Filing No. 213). Plaintiffs' motions will be granted.

## BACKGROUND

This is a putative class action for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff *et seq.*, and state law. (Filing No. 20.)

Plaintiffs allege, individually and on behalf of others similarly situated, that Defendant's Fitness-for-Duty evaluation procedures unlawfully discriminate against employees on the basis of disabilities and genetic information. Plaintiffs assert that under Defendant's Fitness-for-Duty Program, employees holding particular types of positions are required to disclose certain specified heath conditions and reportable heath events, which generally include cardiovascular conditions, seizures or loss of consciousness, significant vision or hearing changes, diabetes treated with insulin, and severe sleep apnea. Plaintiffs allege that they were "excluded from their positions on the basis of disabilities that had no effect on their ability to perform the essential functions of their jobs." (Filing No. 20.) Plaintiffs seek relief on behalf of the following proposed class:

>Individuals who were removed from service over their objection, and/or suffered another adverse employment action, during their employment with Union Pacific for reasons related to a Fitness-for-Duty evaluation at any time from 300 days before the earliest date that a named Plaintiff filed an administrative charge of discrimination to the resolution of this action.

(Filing No. 20.)

**DISCUSSION**

1. **Motion for Protective Order**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 "is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hodges v. Pfizer, Inc., Civ. No. 14-4855-ADM/TNL, 2016 WL 1222229, *2 (D. Minn. March 28, 2016) (internal quotation omitted). Still, the scope of discovery is not unlimited. Courts must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if it is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b). Further, under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Defendant seeks a protective order precluding Plaintiffs from conducting discovery on Defendant's Color Vision Field Test (CVFT"),[1] and shielding Defendant from Plaintiffs' Interrogatory Nos. 23 and 24, which relate to Defendant's CVFT.[2] FRA regulations require that

---

[1] Defendant's CVFT is known as the "Light Cannon."

[2] Interrogatory No. 23 states: "For each year from 2010 to the present, provide the total number of Union Pacific employees who were subjected to a color vision field test other than a color vision field cannon test by Union Pacific, and the number of those employees who failed that color vision test within that year." Interrogatory No. 24 states: "For each year from 2010 to the present, provide the total number of Union Pacific employees who were subjected to

2

locomotive engineers and conductors have the "ability to recognize and distinguish between the colors of railroad signals." 49 C.F.R. §240.121(c)(3); 49 C.F.R. § 242.117(h)(3). The regulations provide that examinees who fail one of the FRA-accepted vision tests may be further evaluated by the railroad's medical examiner and permitted to take "another approved scientific screening test or a field test." 49 C.F.R. § Pt. 240, App. F(4). Defendant uses an FRA-approved testing method, and then uses its CVFT if an examinee fails the FRA-approved test.

Defendant argues that discovery regarding its CVFT is irrelevant because the Amended Complaint does not mention the CVFT, or allege that it is an unlawful method to examine an employee's vision. Defendant points out that none of the named Plaintiffs suffer from vision issues or have been removed from service based on a failed CVFT. Defendant maintains that the question of whether the CVFT is a valid method to test an individual's color vision has no bearing on the claims in this case. Defendant is not seeking a protective order regarding fitness-for-duty evaluations related to color vision in general, but only as to discovery regarding Defendant's CVFT and whether it is an appropriate mechanism/methodology for use in testing employees' color vision.

The Court agrees that discovery related to the validity/methodology of Defendant's CVFT is irrelevant to the claims in this suit. This action involves allegations that Defendant excluded Plaintiffs from their positions on the basis of disabilities that had no impact on their ability to perform the essential functions of their jobs. There is no allegation that Defendant uses an improper test in connection with fitness-for-duty evaluations. Therefore, Defendant's Motion for Protective Order will be granted.

### 2. Motion to Exclude Report of Dr. Jay Neitz

Defendant requests that this Court exclude a rebuttal report authored by one of Plaintiffs' experts, Dr. Jay Neitz ("Dr. Neitz"). Dr. Neitz asserts in his report that Defendant's CVFT,

---

Union Pacific's color vision field cannon test, and the number of those employees who failed that color vision field cannon test within that year." (Filing No. 215-5.)

otherwise referred to as the "Light Cannon," is an improper method to test an employee's visual capacity. Defendant argues that because the CVFT is not relevant to the claims in this suit, Dr. Neitz's report likewise has no bearing on the case and should be stricken. Defendant further argues that Dr. Neitz's report is improperly styled as a "rebuttal," when in reality it is an untimely initial expert report containing previously undisclosed opinions.

As explained above, the Court finds that the validity of Defendant's CVFT has no relevance to this case. Consequently, Dr. Neitz's report should be stricken as immaterial. Moreover, the Court agrees that Dr. Neitz's report is not actually a "rebuttal," but instead is a disguised untimely, initial report.[3] In his report, ostensibly offered to rebut the opinion of Defendant's expert, Dr. John Holland, Dr. Neitz opined that "[t]here is no rigorous scientific study published in a peer-reviewed scientific or medical publication that demonstrates the CV Light Cannon is a valid, reliable and comparable test for visual capacity." (Filing No. 217.) However, Dr. Holland did not offer any substantive opinion as to the validity of the CVFT, nor did he assert that the CVFT is a proper testing methodology. (Filing No. 215-6; Filing No. 216.) Instead, Dr. Holland attached documents to his report that outline the procedures for completing the CVFT. (Filing No. 216.) Dr. Neitz's report clearly exceeds the scope of Dr. Holland's report and will be stricken as untimely.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Protective Order (Filing No. 214) is granted.

2. Defendants' Motion to Exclude Report of Dr. Jay Neitz (Filing No. 213) is granted.

Dated this 9th day of August, 2018.

---

[3] The Court's Third Amended Progression Order required that expert reports be served by March 6, 2018, and that rebuttal expert reports be served by April 12, 2018. (Filing No. 176.) The parties agreed to an informal extension of those deadlines. (Filing No. 215-1.) Defendant was given until March 7, 2018 to serve Dr. Holland's report. (*Id*.) Seemingly, per the parties' agreement, Dr. Neitz's rebuttal report was served on May 4, 2018. (*Id*.)

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge